**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BUDDY P. KAMAKEEAINA, | No. 14-16042 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:11-cv-00770-JMS-RLP |
| TYLER MAALO, Badge No. 101980, Honolulu Police Department Officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Argued and Submitted February 21, 2017
Honolulu, Hawaii

Before: KOZINSKI, HAWKINS, and BEA, Circuit Judges.

Buddy Kamakeeaina appeals from the adverse grants of summary judgment to

Honolulu Police Department (HPD) officers and Drs. Tom Leland and Peter

Yamamoto in his 42 U.S.C. § 1983 action alleging the HPD officers and Drs. Leland

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

and Yamamoto were deliberately indifferent to his medical needs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kamakeeaina has not created a triable issue of fact as to whether the HPD officers were subjectively aware of a risk of harm to Kamakeeaina after his arrest. *See Conn v. City of Reno*, 591 F.3d 1081, 1096-98 (9th Cir. 2010), *vacated*, 563 U.S. 915 (2011), *reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011). Nor is there sufficient evidence that the HPD officers acted with reckless disregard for Kamakeeaina's health. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). While Kamakeeaina had earlier attempted suicide and, in the presence of the HPD officers, threatened to commit suicide by jumping from a balcony, he subsequently agreed to leave the balcony, peacefully submitted to arrest, and was transported to jail without incident. Moreover, the HPD officers did not know of Kamakeeaina's previous suicide attempts or his mental health history. *See Conn*, 591 F.3d at 1097. Accordingly, there was no error in granting summary judgment to the HPD officers.

Nor has Kamakeeaina created triable issues of fact as to whether Drs. Leland and Yamamoto were subjectively aware of a risk of harm to Kamakeeaina, *see Conn*, 591 F.3d at 1096-98, or whether Dr. Leland acted with reckless disregard for Kamakeeaina's health, *see Castro*, 833 F.3d at 1071. Dr. Leland assessed

2

Kamakeeaina as stable and commented, in his contemporaneous notes, that Kamakeeaina had a good treatment plan. Dr. Yamamoto diagnosed Kamakeeaina and concluded medication and psychotherapy were inappropriate. Accordingly, there was also no error in granting summary judgment to Drs. Leland and Yamamoto.

**AFFIRMED.**