**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000674
14-JAN-2026
07:52 AM
Dkt. 65 SO**

NO. CAAP-23-0000674

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HEIDI AKAU, as Guardian Prochein Ami of R.A., a minor,
TRISHA BOUCHER, as Guardian Prochein Ami of C.P., a minor,
RHONDA MORALES, as Guardian Prochein Ami of A.M.S., a minor,
RANDELL AKAU, CHEVELLE PETER and ANUHEA MORALES-SNELSON,
Plaintiffs-Appellants, v.
WANDA VILLAREAL, in her individual and official capacity,
KAPOLEI CHARTER SCHOOL, DEPARTMENT OF EDUCATION - STATE OF
HAWAII, HAWAII STATE PUBLIC CHARTER SCHOOL COMMISSION,
Defendants-Appellees
and
JOHN DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS
1-10, ROE "NON-PROFIT" CORPORATIONS 1-10, ROE GOVERNMENTAL
ENTITIES 1-10, Defendants.
APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-20-0000138)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Wadsworth and McCullen, JJ.)

This appeal stems from a complaint for damages sustained by a group of high school students as a result of an allegedly unlawful school search. Plaintiffs-Appellants Heidi Akau, Trisha Boucher, and Rhonda Morales, on behalf of their respective then-minor children, later joined by the children themselves after reaching age 18, Plaintiffs-Appellants Randell Akau, Chevelle Peter, and Anuhea Morales Snelson (together, **Plaintiffs**), sued Defendants-Appellees Wanda Villareal (**Villareal**), in her individual and official capacity; Kapolei Charter School (**KCS**); Department of Education – State of Hawaii; and Hawaii State Public Charter School Commission (together,

**Defendants**).[1]  Plaintiffs appeal from the Judgment entered in Defendants' favor on November 3, 2023, by the Circuit Court of the First Circuit (**Circuit Court**).[2]  Plaintiffs also challenge the Circuit Court's: (1) August 3, 2023 "Order Granting [KCS] and . . . Villareal's Motion for Summary Judgment on the Pleadings" (**Order Granting MSJ**); and (2) August 17, 2023 "Order Denying Plaintiffs' Motion for Reconsideration of Court's Ruling Granting [KCS] and . . . Villareal's Motion for Summary Judgment on the Pleadings" (**Order Denying Reconsideration**).

In the SAC, Plaintiffs alleged they were falsely accused of vaping and smoking marijuana on a school bus while on a field trip.  They alleged that "[o]n October 1, 2019, [they] were all individually ordered into . . . Villareal's office and illegally searched, assaulted, battered and had their privacy invaded by . . . . Villareal[,]" the KCS School Director.  Based on these alleged actions, which Plaintiffs describe as a "strip search," they asserted a variety of tort claims, as well as claims for violation of their civil rights under Hawaiʻi law.

In their answer, KCS and Villareal denied the alleged wrongdoing and, as relevant here, Villareal asserted that she had qualified immunity from liability.

On May 30, 2023, KCS and Villareal filed a "motion for summary judgment on the pleadings" (**MSJ**), accompanied by a declaration by Villareal.  They asserted several bases for summary judgment, including that:  (1) the State's sovereign immunity shielded KCS and Villareal in her official capacity from liability for Plaintiffs' claims; (2) Villareal was protected by qualified or conditional immunity for claims against her individually; and (3) Plaintiffs failed to state cognizable tort and civil rights claims.

---

[1]      The original complaint named Kapolei Charter School by Goodwill Hawaii Foundation LLC (**Goodwill**) as a defendant.  Summary judgment was granted in favor of Goodwill early in the case, and Goodwill was not included as a defendant in subsequent amended complaints.  Instead, the First Amended Complaint and the operative Second Amended Complaint (**SAC**) named KCS as a defendant.

[2]      The Honorable Kevin T. Morikone presided.

On June 20, 2023, Plaintiffs filed a memorandum in opposition to the MSJ.  An accompanying declaration of counsel referenced four attached exhibits, which were prior orders of the Circuit Court addressing prior motions in the case.

On July 11, 2023, the Circuit Court held a hearing on the MSJ and took the matter under advisement.  The court entered a minute order granting the MSJ later the same day, and entered the Order Granting MSJ on August 3, 2023.  The court did not specify the basis for the grant of summary judgment.

Plaintiffs filed a motion for reconsideration on July 13, 2023, which the Circuit Court denied on August 17, 2023.

On appeal, Plaintiffs contend that the Circuit Court erred in granting summary judgment "on the implied ground that the School Director Villareal had qualified immunity in her personal capacity for the torts alleged."[3/] (Capitalization altered.)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Plaintiffs' contentions as follows, and affirm.

We review a trial court's grant or denial of summary judgment de novo using the same standard applied by the trial court.  Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018) (citing Adams v. CDM Media USA, Inc., 135 Hawaiʻi 1, 12, 346 P.3d 70, 81 (2015)).  "Summary judgment is appropriate if the pleadings, depositions, answers to

---

[3/]     KCS and Villareal argue in their answering brief that because Plaintiffs raise no issue on appeal other than Villareal's qualified immunity, they have "waive[d] any ground or legal basis raised in the MSJ below not based on [this issue], and concede dismissal was properly granted in all claims against KCS, Dr. Villareal in her official capacity, and Dr. Villareal individually as to [the tort and civil rights claims]."

It appears that Plaintiffs have waived their claims against KCS and Dr. Villareal in her official capacity, as they make no argument regarding those claims.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7). As to the claims against Villareal individually, the Circuit Court did not specify the basis for the grant of summary judgment.  We decide below that because Plaintiffs presented no genuine issue as to Villareal's qualified immunity, the Circuit Court did not err in concluding that Villareal, individually, was entitled to judgment as a matter of law on Plaintiffs' tort and civil rights claims.  We thus need not reach Defendants' waiver argument on this issue.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at 342, 418 P.3d at 1198 (brackets omitted) (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). The evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Yoneda v. Tom, 110 Hawaiʻi 367, 384, 133 P.3d 796, 813 (2006) (citing Coon v. City & Cnty. of Honolulu, 98 Hawaiʻi 233, 244-45, 47 P.3d 348, 359-60 (2002)).

The moving party has the burden to establish that summary judgment is proper. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (citing French v. Haw. Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)).

> Where the moving party is the defendant, who does not bear the ultimate burden of proof at trial, summary judgment is proper when the non-moving party-plaintiff
>
>> fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 302, 172 P.3d 1021, 1046 (2007) (emphases omitted) (quoting Hall v. State, 7 Haw. App. 274, 284, 756 P.2d 1048, 1055 (1988)). Further, a defendant moving for summary judgment "may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the non[-]movant will be unable to carry his or her burden of proof at trial." Ralston v. Yim, 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013). In other words, the movant's "burden may be discharged 'by demonstrating that if the case went to trial, there would be no competent evidence to support a judgment for his or her opponent.'" Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 240, 361 P.3d 454, 467 (2015) (ellipsis and brackets omitted) (quoting Exotics Hawaii-Kona, Inc., 116 Hawaiʻi at 301, 172 P.3d at 1045).

4

"Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (brackets omitted) (quoting Lales v. Wholesale Motors Co., 133 Hawaiʻi 332, 359, 328 P.3d 341, 368 (2014)).

Here, Plaintiffs argue, relying on Pogoso v. Sarae, 138 Hawaiʻi 518, 382 P.3d 330 (App. 2016), and Costales v. Rosete, 133 Hawaiʻi 453, 331 P.3d 431 (2014), that the Circuit Court erred in concluding that Villareal had qualified immunity from liability for the alleged torts where "the question of whether a school official acted with malice is a question for the jury." (Emphases added.)  This argument is premised on the allegation that Villareal acted with malice as a public official, which Plaintiffs appear to contend, based on Pogoso, allows suit against her individually.[4/]  Plaintiffs also argue that Villareal's qualified immunity "cannot be sustained" because her actions violated a "clearly established" right under the Hawaiʻi Constitution.

In Costales, the Hawaii Supreme Court stated:

> Ordinarily, a public official is qualifiedly immune from liability. Medeiros v. Kondo, 55 Haw. 499, 505, 522 P.2d 1269, 1272 (1974).  To defeat a public official's claim of qualified immunity, the burden is on the plaintiff to adduce "clear and convincing proof that [the public official] defendant was motivated by malice and not by an otherwise proper purpose." Id.  "If it is determined that [the individual defendant] was acting within the scope of his employment as a public official, then he can be held liable for general, special, and punitive damages (1) if he maliciously exercised his official discretion, or (2) if he maliciously committed a tort against plaintiffs. . . ." Kajiya v. Dep't of Water Supply, 2 Haw. App. 221, 227, 629 P.2d 635, 640 (App. 1981) (citations and footnote omitted).

133 Hawaiʻi at 466, 331 P.3d at 444.  The court also made clear that "[u]nless the issue is removed from the case by uncontested affidavits and depositions the existence or absence of malice is

_____

[4/]     Plaintiffs do not argue that Villareal acted in her individual capacity in committing the alleged torts.  See Shibuya v. Cnty. of Kauai, No. CAAP-17-0000880, 2023 WL 1265542, at *3 (Haw. App. Jan. 31, 2023) (Mem. Op.).

a question for the jury."  Id. at 466-67, 331 P.3d at 444-45
(emphasis added) (quoting Kajiya, 2 Haw. App. at 227, 629 P.2d at
640).

In answer to the SAC, Villareal asserted that she "is
not liable for Plaintiffs' alleged injuries and/or damages on the
basis of qualified immunity and/or qualified privilege."  In the
MSJ, Villareal again asserted that "[she], in her individual
capacity, is protected by qualified or conditional immunity."
(Capitalization altered.)  She argued that "Plaintiffs have no
evidence that [she] acted with malice."  She also presented her
declaration stating, among other things, "I am the School
Director of [KCS] and its lead administrator" and "I have never
acted with malice or ill-will toward Randell Akau, Anuhea
Morales-Snelson and/or Chevelle Peter . . . at any time."

Given Villareal's assertion of qualified immunity,
under Costales, Plaintiffs would have had the burden at trial to
prove by clear and convincing evidence that Villareal was
motivated by malice and not by an otherwise proper purpose.  In
opposing the MSJ, however, Plaintiffs submitted no evidence
addressing Villareal's statement in her declaration that she did
not act with malice or ill will toward Plaintiffs, and no
evidence regarding her alleged wrongful actions.  Rather,
Plaintiffs argued, relying on Freddy Nobriga Enterprises, Inc. v.
State, Dep't of Hawaiian Home Lands, 129 Hawaiʻi 123, 295 P.3d
993 (App. 2013), that "Villareal may have no immunity at all for
her violations[,]" if she knew or should have known that her
actions violated a constitutional norm.  (Capitalization
altered.)  Plaintiffs also asserted, without supporting evidence
of any sort, that "Defendant Villareal was motivated by malice or
another improper purpose."

Plaintiffs did not meet their burden on summary
judgment.  Once Villareal satisfied her initial burden of
producing support for her claim that there was no genuine issue
of material fact regarding her qualified immunity, Plaintiffs
were required to "demonstrate specific facts, as opposed to
general allegations, that present[ed] a genuine issue worthy of
trial."  Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198.  Instead,

6

they offered only argument. As to their tort claims, Plaintiffs presented no evidence that Villareal acted with malice, including any evidence of her alleged actions from which malice might reasonably be inferred. The Circuit Court thus did not err in concluding that Villareal, individually, was entitled to judgment as a matter of law on Plaintiffs' tort claims. See Kamakeeaina v. City & Cnty. of Honolulu, No. CIV. 11-00770 JMS/RLP, 2014 WL 1691611, at *11 (D. Haw. Apr. 29, 2014), aff'd sub nom. Kamakeeaina v. Maalo, 680 F. App'x 631 (9th Cir. 2017) (finding summary judgment appropriate under Hawaiʻi law where the prisoner plaintiff did not refute defendants' affidavits stating they were not motivated by malice).

In Freddy Nobriga Enterprises, this court held that for claims alleging state civil rights violations, public officials are shielded from liability for damages in their individual capacities "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 129 Hawaiʻi at 131-32, 295 P.3d at 1001-02 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, (1982)). Again, however, Plaintiffs presented no evidence of the alleged conduct of Villareal that purportedly violated Plaintiffs' rights under the Hawaiʻi Constitution. Absent such evidence, Plaintiffs presented no genuine issue that Villareal's conduct violated clearly established statutory or constitutional rights, and the Circuit Court did not err in concluding that Villareal, individually, was entitled to judgment as a matter of law on Plaintiffs' state civil rights claims.

It appears that Plaintiffs attempted to present evidence of Villareal's alleged conduct in the Motion for Reconsideration. However,

> "the purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 162, 528 P.3d 222, 235 (2023) (brackets omitted) (quoting Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000)). The Circuit

Court thus denied the Motion for Reconsideration.

On appeal, Plaintiffs summarily challenge the Order Denying Reconsideration, but present no argument as to why it was wrong. The point is thus deemed waived. See HRAP Rule 28(b)(7).

For the reasons discussed above, we affirm the Circuit Court's: (1) August 3, 2023 "Order Granting Defendants Kapolei Charter School and Wanda Villareal's Motion for Summary Judgment on the Pleadings"; (2) August 17, 2023 "Order Denying Plaintiffs' Motion for Reconsideration of Court's Ruling Granting Defendants Kapolei Charter School and Wanda Villareal's Motion for Summary Judgment on the Pleadings"; and (3) November 3, 2023 Judgment.

DATED: Honolulu, Hawaiʻi, January 14, 2026.


On the briefs:

William Fenton Sink and
Earle A. Partington
for Plaintiffs-Appellants.

Amanda J. Weston and
Justine Hura,
Deputy Attorneys General,
for Defendants-Appellees
Wanda Villareal, in her
individual and official
capacity, and Kapolei Charter
School.

/s/ Karen T. Nakasone
Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Sonja M.P. McCullen
Associate Judge